IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAREN HOGAN,  GALAVANTING PRODUCTIONS, LLC, a Colorado Limited Liability Company;<br><br>                Plaintiffs,<br><br>vs.<br><br>KIMBERLY MANCE,  GALAVANTING PRODUCTIONS, LLC, a Colorado Limited Liability Company;<br><br>                Defendants. | 8:13CV137<br><br>**MEMORANDUM AND ORDER** |

The plaintiff's motion for remand and request for attorney fees is pending before me. (Filing No. 7).  For the reasons discussed below, the motion will be granted.

DISCUSSION

This case was timely removed from the District Court of Douglas County, Nebraska on the basis of diversity subject matter jurisdiction.  (Filing No. 1).  The parties agree that the amount in controversy exceeds $75,000.[1]  Plaintiff Hogan is a Nebraska citizen; defendant Mance is New York citizen.  Galavanting Productions is a limited liability company formed under Colorado law.  For the purposes of diversity, Galavanting Productions is a citizen of every state in which its members are citizens.  GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

The defendants removed this case to federal court, claiming Mance is the only member of Galavanting Productions, and as a non-member, Hogan cannot file a derivative action on behalf of Galavanting.  Defendants argue Galavanting is therefore not a proper plaintiff to this action, is a citizen of only New York, and as such, complete diversity exists.  Hogan claims she is also a member of Galavanting, Galavanting is therefore a properly named plaintiff and a citizen of both

---

[1] The defendants offered plaintiff's settlement demand as evidence that the amount in controversy exceeds $75,000.  (Filing No. 1, at CM/ECF p. 22).

Nebraska and New York, and due to the lack of complete diversity, this case must be remanded for lack of subject matter jurisdiction. (Filing No. 7).

The defendants have submitted evidence in support of their claims. Hogan objects to the court's consideration of defendants' evidence, claiming the court must rely on the facts alleged in the plaintiff's complaint when assessing diversity. Defendants assert the court must make consider and resolve evidentiary disputes, as necessary, to determine the threshold issue of subject matter jurisdiction.

For the reasons discussed below, the motion for remand will be granted.

STANDARD OF REVIEW

A removing party bears the burden of establishing that the federal court has subject matter jurisdiction by a preponderance of the evidence, with all doubts as to jurisdiction resolved in favor of remanding the case to state court. Knudson v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Cascades Development of Minnesota, LLC v. National Specialty Ins., 675 F.3d 1095, 1098 (8th Cir. 2012).

The issue of subject matter jurisdiction, whether it involves questions of law or of fact, is for the court to decide." Generally speaking, when a factual dispute arises over jurisdictional issues, the allegations within the complaint are not presumed to be true. The party asserting jurisdiction may support its argument with affidavits and other documents, and the trial court is free to weigh that evidence and resolve the factual issues to determine whether subject matter jurisdiction exists. Osborn v. United States, 918 F.2d 724, 729 (8th Cir.1990).

But there is an important exception to this general rule: A federal court should not decide the factual dispute over jurisdiction if the jurisdictional issue is "so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." Osborn, 918 F.2d at 729 (quoting Crawford v. United States, 796 F.2d 924, 929 (7th Cir.1986)). See also Autery v.

United States, 424 F.3d 944, 956 (9th Cir.2005) (whether "jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits"); Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir.2002) ("[T]he underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."); London v. Polishook, 189 F.3d 196, 198 (2d Cir.1999) (whether "jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits"); United States v. North Carolina, 180 F.3d 574, 581 (4th Cir.1999) ( "[W]hile the merits and jurisdictional questions are not identical, they are so closely related that the jurisdictional issue is not suited for resolution in the context of a motion to dismiss for lack of subject matter jurisdiction."). If "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." Autery v. U.S., 424 F.3d 944, 956 (9th Cir. 2005). See also Kerns v. U.S., 585 F.3d 187 (4th Cir. 2009).

The plaintiff's complaint alleges she is a member of Galavanting and based on that ownership interest Plaintiff claims she is entitled to recover 22 percent of the proceeds from selling Galavanting assets. The complaint also asserts a shareholder derivative claim for breach of fiduciary duty; a claim for breach of fiduciary duty by Hogan against Mance; causes of action based on "Oppression/Self-Dealing," "Unjust Enrichment;" and a cause of action for an "Accounting." (Filing No. 1, at CM/ECF pp. 7, 10-11,13-14 (complaint ¶¶ 3, 28, 29 & 43, and "Causes of Action" 4-9.) As stated in the defendants' removal notice, the complaint "arises from a dispute as to whether or not Hogan is a member of Galavanting, and further involves purported derivative claims, breach of contract claims, and wage claims." (Filing No. 1, at CM/ECF p. 2, ¶ 3).

The defendants filed evidence stating Manse was the sole member and owner of Galavanting. (Filing No. 12, at CM/ECF pp. 1, 6, & 8). Hogan filed evidence supporting her claim that she is a member of Galavanting. (Filing No. 8, at CM/ECF p. 7; Filing No. 14). The

defendants have objected, (Filing No. 13), and move to strike the plaintiff's evidence. (Filing No. 16).[2]

Upon review of the evidence, it is clear the determination of subject matter jurisdiction is inextricably intertwined with the merits of the plaintiff's complaint. To determine whether it has jurisdiction, the court must decide if Hogan is a member and owner of Galavanting—the precise issue factual dispute underlying and pivotal to the merits of Hogan's claims. The evidence on this issue is controverted. Thus, applying the summary judgment standard of review, the court must consider plaintiff's evidence true for the purpose of this motion. Based on that presumptively true evidence, Hogan is a Nebraska citizen and a member of Galavanting Productions, LLC; defendant Galavanting is therefore a citizen of both New York and Nebraska, and complete diversity is lacking.

The defendants have failed to prove that this court has subject matter jurisdiction. This case must be remanded to the state court.

The plaintiff has moved for attorney fees. While "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," (28 U.S.C.A. § 1447(c)), the defendants' arguments were objectively reasonable under the general rule applied when reviewing a factual dispute on a motion to remand. But this case fell under an infrequently used and discussed, but nonetheless applicable, exception to the general rule. Attorney fees should not be rewarded.

Accordingly,

IT IS ORDERED that the defendants' objection to evidence (Filing No. 13), and motion to strike new evidence and arguments first presented in Plaintiff's Reply, (Filing No. 16), are denied. The parties' evidence and all briefs submitted on the motion for remand, (Filing No. 7),

---

[2] Although the submission of Plaintiff's evidence was arguably improper under this court's local rules, the court will overrule the defendants' objections and motion to strike. Under the circumstances presented, strict adherence to the local rules would merely delay, not change, the court's decision that remand is required.

objection, (Filing No. 13), and motion to strike, (Filing No. 16), have been reviewed and considered by the undersigned magistrate judge.

IT IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, , pursuant to 28 U.S.C. § 636(b), that as to plaintiff's motion, (Filing No. 7), the plaintiff's motion for remand be granted, the request for recovery of attorney fees be denied, and that this case be remanded to the District Court of Douglas County, Nebraska.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

July 22, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.